RECEIVED

JUN 1 7 2015

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| PAUL N. DEBAILLON, Liquidating Trustee for the East Cameron Parnters, L.P. Liquidating Trust | CIVIL ACTION NO. 6:14-3008 |
| VERSUS | JUDGE DOHERTY |
| GOLDKING CAPITAL MANAGEMENT LLC, ET AL. | MAGISTRATE JUDGE HILL |

### MEMORANDUM RULING

Currently pending before the Court is a "Motion to Withdraw Reference" [Doc. 1], filed by defendants, Goldking Capital Management, LLC, Leonard C. Tallerine, Jr., and Goldking Energy Corporation. Pursuant to their motion, defendants seek an Order from this Court "that the reference of the above captioned adversary proceeding to the bankruptcy court be withdrawn." [Doc. 1, p. 2] For the following reasons, the motion is DENIED at this time as premature and for failure to carry the burden of proof, without prejudice to defendants' right to re-urge the motion when this matter is in proper posture for trial.

**I.    Background**

East Cameron Partners, L.P. ("Debtor"), an independent oil and gas exploration and production company, filed a Chapter 11 bankruptcy petition in 2008. In May 2009, the Bankruptcy Court, upon motion of the debtor, approved an application authorizing the employment of Leonard C. Tallerine, Jr., acting through Goldking Capital Management LLC, as Chief Restructuring Officer

("CRO") of the debtor.[1] On December 9, 2010, the debtor's Chapter 11 plan was confirmed.[2]

On July 11, 2014, plaintiff Paul N. DeBaillon ("the Trustee"), in his capacity as the Liquidating Trustee for the debtor, initiated an Adversary Proceeding against defendants in the Bankruptcy Court.[3] The Trustee's complaint alleges that "rather than perform the fiduciary duties with which they had been entrusted, Tallerine, through Goldking, and with the aid of other Defendants, instead utilized their position as the Debtor's CRO to raid the Estate through outright fraud and embezzlement, as well as to employ the Debtor's accounts as a personal slush fund, 'borrowing' the Estate's cash whenever they needed it, in clear contravention of the terms of their employment agreement and numerous Orders of [the Bankruptcy] Court." [Doc. 1-5, p. 4, ¶ 17] The Trustee asserts the following causes of action in his complaint: (1) relief pursuant to Fed. R. Civ. P. 60, vacating and setting aside the interim and final orders allowing compensation and expenses be paid to Goldking and Tallerine, as their "conduct constitutes fraud upon the court" [Id. at pp. 84-86];

---

[1]Order at 2, *In re East Cameron Partners, L.P.*, No. 08-51207 (Bankr. W.D.La. May 18, 2009), ECF No. 295.

[2]The confirmation order of the bankruptcy court:

[R]etain[ed] all permissible jurisdiction over the Debtor, Reorganized Debtor, Liquidating trustee, all creditors, equity security interest holders, and all matters relating or pertaining to the Plan, and matters reserved in Article XIII of the Plan, and all causes of action to be maintained by the Liquidating Trustee regarding collection of accounts receivable or enforcement of rights, or causes of action and/or claims hereby maintained, reserved, and preserved.

Order at 14-15, *In re East Cameron Partners, L.P.*, No. 08-51207 (Bankr. W.D.La. Dec. 9, 2010), ECF No. 754.

[3]On December 20, 2014, Mr. DeBaillon unexpectedly passed away. On March 6, 2015, Philip DeBaillon was appointed by the bankruptcy court as the successor Liquidating Trustee. Order at 1-2, *In re East Cameron Partners, L.P.*, No. 08-51207 (Bankr. W.D.La. March 6, 2015), ECF No. 953; *see also id.* at ECF No. 950.

(2) "disgorgement of any compensation and expenses paid to Goldking and Tallerine pursuant to the equitable powers of this Court under 11 U.S.C. § 105" [Id. at 86]; (3) Conversion, Misappropriation, Civil Theft and Conspiracy to Commit Conversion, Misappropriation and Civil Theft [Id. at 87-88]; (4) Fraud and Conspiracy to Commit Fraud [Id. at 88-89]; (5) Breach of Fiduciary Duty [Id. at 89-90]; (6) Unjust Enrichment and Conspiracy to Commit Unjust Enrichment [Id. at 90-91]; (7) Breach of Contract [Id. at 91-92]; (8) Negligence [Id. at 92-93]; (9) "Alter Ego/Piercing the Corporate Veil," seeking to hold Tallerine personally liable for any damages caused by Goldking [Id. at 93-94]; (10) Single Business Enterprise [Id. at 94-95]; (11) Negligent Misrepresentation [Id. at 95]; (12) Breach of Duty of Good Faith and Fair Dealing [Id. at 95-96]; (13) Gross Negligence [Id. at 96]; (14) Vicarious Liability [Id. at 96-98]; and (15) a Revendicatory Action [Id. at 98-99].

Pursuant to their motion to withdraw reference, defendants request this Court to withdraw the adversary proceeding from the bankruptcy court pursuant to 28 U.S.C. § 157(d), and allow the matter to proceed before this Court. [Doc. 1, p. 2] Plaintiff opposes the motion. [Doc. 4] In addition to their Motion to Withdraw, defendants have filed a "Jury Trial Demand" [Doc. 1-29], pursuant to Rule 38 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 38(b)("a party may demand a jury trial by . . . serving the other parties with a written demand"); *see also* Fed. R. Bankr. P. 9015.

## II.     Applicable Law and Arguments of the Parties

28 U.S.C. § 157(a) permits referral of "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11" to the bankruptcy court. By local order, "all cases under Title 11 and all proceedings arising under Title 11 or arising in or related to a case under Title 11," with the exception of personal injury tort and wrongful death claims, are automatically referred to the Bankruptcy Court. LR 83.4.1. 28 U.S.C. § 157(d) provides

for permissive withdrawal: "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."[4] Although the statute does not define "cause shown," the Fifth Circuit instructs the decision "must be based on a sound, articulated foundation." *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 998 (5th Cir. 1985).

In determining whether cause for withdrawal has been shown, the Fifth Circuit has set forth several factors for consideration: (1) whether the matter is a core or non-core proceeding, (2) whether the proceedings involve a jury demand, (3) whether withdrawal would further the goals of (a) promoting uniformity in bankruptcy administration, (b) reducing forum shopping and confusion, (c) fostering the economical use of the debtors' and creditors' resources, and (d) expediting the bankruptcy process. *Id.*; *see also In re Gulf States Long Term Acute Care of Covington, L.L.C.*, 455 B.R. 869, 874 (E.D.La. 2011). As the party seeking withdrawal, defendants bear the burden of proving that this Court should withdraw the reference to the bankruptcy court. *See e.g. Panda Energy Intern., Inc. v. Factory Mut. Ins.*, 2011 WL 610016, *3 (N.D.Tex.); *In re Morrison*, 410 B.R. 488, 490 (S.D.Tex. 2009); *Matter of Vicars Ins. Agency, Inc.*, 96 F.3d 949, 955 (7th Cir. 1996).

### A. Core versus Non-Core Proceeding

If a matter is a core proceeding, the statute empowers the bankruptcy judge to enter a final judgment on the claim. *Executive Benefits Ins. Agency v. Arkison*, 134 S.Ct. 2165, 2172 (U.S. 2014). If a matter is non-core but is "otherwise related" to a case under Title 11, and the parties have not

---

[4] Section 157(d) additionally provides for mandatory withdrawal when "resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). In this matter, defendants make no argument that withdrawal is mandatory in this matter, and therefore, the Court will forego an analysis of the mandatory withdrawal provision of 28 U.S.C. § 157(d).

consented to final adjudication by the bankruptcy court, the bankruptcy judge may only "submit proposed findings of fact and conclusions of law to the district court," which the district court must review de novo before entering a final judgment or order. 28 U.S.C. § 157(c)(1); *see also Arkinson* at 2172. Although § 157 does not explicitly define "core proceeding," § 157(b) provides a non-exhaustive list of matters considered to be core proceedings.[5]  28 U.S.C. § 157(b)(2). Extrapolating from this list, the Fifth Circuit "hold[s] . . . that a proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Matter of Wood*, 825 F.2d 90, 97 (5th Cir.1987); *see also In re OCA, Inc.*, 551 F.3d 359, 367 (5th Cir. 2008). "If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding; it may be *related* to the bankruptcy because of its potential effect, but under section 157(c)(1) it is an 'otherwise related' or non-core proceeding." *Wood* at 97 (emphasis in original).

In this matter, defendants contend all claims, with the exception of Counts I and II (relief from an order pursuant to Fed. R. Civ. P. 60 and disgorgement), constitute non-core claims, as they "do not invoke 'substantive rights' under title 11 nor could they only 'arise in the context of a bankruptcy case.'" [Doc. 1-31, p. 9 (quoting *In re Morrison*, 555 F.3d 473, 479 (5th Cir. 2009)] While plaintiff states "the crux of the Trustee's claims involve [sic] core matters," he only

---

[5]Some of the items listed include: matters concerning the administration of the estate; orders to turn over property of the estate; and other proceedings affecting the liquidation of the assets of the estate. 28 U.S.C. § 157(b)(2).

Page 5 of 9

specifically argues his claim for disgorgement constitutes a core proceeding.[6] [Doc. 4, pp. 9-11] The Court finds that although this adversary proceeding potentially involves both core and non-core matters, this Court need not determine at this stage of the litigation exactly which claims asserted are core or non-core for the reasons discussed in Section III, *infra*.

### B. Right to a Jury Trial

Where a party validly invokes its Seventh Amendment right to a jury trial, the reference to the Bankruptcy Court must be withdrawn, unless the parties consent to trial before the Bankruptcy Court. *In re Clay*, 35 F.3d 190, 196-97 (5th Cir. 1994); *Matter of Texas General Petroleum Corp.*, 52 F.3d 1330, 1336-37 (5th Cir. 1995). "The Seventh Amendment provides for the right to a jury trial in cases that are legal in nature, but not for those which are equitable in nature." *City of El Paso, Tex. v. El Paso Entertainment, Inc.*, 464 Fed.Appx. 366, *3 (5th Cir. 2012)(citing *Ross v. Bernhard*, 396 U.S. 531, 533 (1970)). Nevertheless, if a "legal claim is joined with an equitable claim, the right to jury trial on the legal claim, including all issues common to both claims, remains intact." *Curtis v. Loether*, 415 U.S. 189, 196, n. 11 (1974).

In determining whether a party has a Seventh Amendment right to a jury trial, "the court must examine the nature of both the action and the remedy sought." *Wilson v. Belmont Homes, Inc.*, 970 F.2d 53, 55 (5th Cir. 1992). This requires first comparing "the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity," and second, an examination of whether the remedy sought "is legal or equitable in nature." *Tull v. United States*,

---

[6]The Court notes plaintiff has failed to comply with Fed. R. Bankr. P. 7008, which requires that the pleadings in an adversary proceeding "contain a statement that the proceeding is core or non-core. . . ." Fed. R. Bankr. P. 7008; *see also Wellness Intern. Network, Ltd. v. Sharif*, 135 S.Ct. 1932 (U.S. 2015)

481 U.S. 412, 417-18 (1987). "The second stage of this analysis is more important than the first." *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 (1989).

The entirety of defendants' argument in support of its right to a jury trial is as follows: "Although some of the trustee's claims may arguably be equitable in nature, the vast majority, particularly the claims arising in negligence and for breach of contract, are legal claims and the Trustee seeks to recover money damages which is a legal remedy." [Doc. 1-3, p. 9 (citing factually distinguishable jurisprudence in support)] Plaintiff appears to impliedly concede defendants have a right to a jury trial, but argues the case should nevertheless remain with the bankruptcy court at this time. [*See e.g.* Doc. 4, p. 4 ("Although Defendants have asserted a right to jury trial, . . . the action should initially be maintained in the Bankruptcy Court"), p. 8 (a district court is not compelled to withdraw a reference simply because a party is entitled to a jury trial); p. 12 ("Notwithstanding a jury trial right, however, a bankruptcy court may still resolve dispositive motions")]

The existence of a jury demand does not mandate *immediate* withdrawal of a reference to bankruptcy court, as judicial economy may be better served by the bankruptcy court resolving pre-trial matters. *Post Confirmation Board of Wadleigh Energy Group, Inc. v. Wadleigh*, 516 B.R. 850, 854 (E.D.La. 2014); *In re OCA, Inc.*, 2006 WL 4029578, *5 (E.D.La.). Indeed, a number of courts have found that even where a party has a right to a jury trial, a motion to withdraw is premature until such time as it is determined that a jury trial must be conducted. *See e.g. Wadleigh* at 854; *In re OCA* at *5; *Hayes v. Royala, Inc.*, 180 B.R. 476, 477 (E.D.Tex. 1995). The litigation in this matter has not yet passed the pleading stage, and the Court is unable to determine with any reasonable certainty at this early stage of the litigation whether a jury trial must be conducted.

### C. Remaining Factors

With regard to the remaining factors, defendants entire argument is as follows: "The remaining factors also favor withdrawal. Defendants' Motion has been brought very early in these proceedings. Accordingly, there is no issue of forum shopping and withdrawal will promote efficiency and uniformity." [Doc. 1-31, p. 10]

### III. Analysis

This matter involves allegations of fraud committed upon the bankruptcy court, including but not limited to allegations that the CRO made numerous unauthorized payments from the debtor's accounts. After approval by the bankruptcy court of its appointment as CRO, Goldking Management allegedly submitted monthly operating reports ("MROs") containing fraudulent information to the bankruptcy court, the United States Trustee, and the creditors for review. The reports were signed and submitted under penalty of perjury.[7]

The bankruptcy court is in the best position to supervise discovery and preside over the Trustee's claims at this time, as it has extensive familiarity with both the underlying facts and bankruptcy law generally.[8] Thus, considerations of judicial economy would best be served by maintaining the reference at this time. *See e.g. Collier v. Burch*, 2014 WL 3530143, *2 (W.D.La.)("it is an economical use of the parties' resources to have the issue considered by the court and in the

---

[7]*See e.g.* Monthly Operating Report at 1, *In re East Cameron Partners, L.P.*, No. 08-51207 (Bankr. W.D.La. September 29, 2009), ECF No. 406.

[8]Additionally, should defendants reurge their motion when this matter is in proper posture for trial, this Court will benefit from the bankruptcy judge's opinion about the core versus non-core determination. *See* 28 U.S.C. § 157(b)(3) ("The bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11.").

case where the conduct allegedly occurred"); *In re British American Properties III, Ltd.*, 369 B.R. 322, 327 (S.D.Tex. 2007). In summary, the Court finds: (1) defendants have failed to carry their burden of proof with regard to the motion, and (2) the factors suggest withdrawal of the reference to the bankruptcy court is premature at this time. While certain claims may indeed be non-core, and defendants may indeed have a right to a jury trial, the availability of de novo review of dispositive orders and a jury trial right in this Court ensure adherence with the Constitution while still allowing the bankruptcy court to efficiently manage the pre-trial proceedings. *Arkison*, 134 S.Ct. at 2174; *Levine v. M & A Custom Home Builder & Developer, LLC*, 400 B.R. 200, 207 (S.D.Tex. 2008).

Accordingly, the motion to withdraw reference [Doc. 1] is DENIED without prejudice to defendants' ability to reurge the motion at the appropriate time. The bankruptcy court SHALL HANDLE all remaining pretrial matters in this case, including determining and managing the scope of discovery by the parties. The bankruptcy court may issue final decisions on all dispositive motions addressing core proceedings, and proposed findings of fact and conclusions of law on any dispositive motions addressing non-core proceedings. The Court INSTRUCTS the bankruptcy court to certify in a written order when this matter is trial-ready. Following the bankruptcy court's certification, any party may submit a motion to withdraw the reference.[9]

THUS DONE AND SIGNED this 17th day of June, 2015.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[9] Should the motion to withdraw be granted, at that time this Court will set a trial schedule, including deadlines for submission of motions in limine.